UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL CRAIG,

        Petitioner,

v.                                                 CAUSE NO. 3:19-CV-903-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Michael Craig, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for burglary and theft under Case No. 49G05-910-FB-87399. Following a jury trial, on April 19, 2012, the Marion Superior Court sentenced him as a habitual offender to twenty-two years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Craig argues that 28 U.S.C. § 2244(d)(1)(B) or (C) applies to his petition because of the Indiana Supreme Court's recent decisions involving the interpretation of the statutes on sentencing enhancements for habitual offenders. However, he does not explain how the status of the law prior to the issuance of these decisions prevented him from filing a habeas petition in federal court, so Section 2244(d)(1)(B) does not apply. Further, Section 2244(d)(1)(C) refers to the United States Supreme Court rather than the Indiana Supreme Court, and to the recognition of constitutional rights rather than issues of statutory interpretation. Consequently, the operative date for purposes of timeliness is the date when Mr. Craig's conviction became final under 28 U.S.C. § 224(d)(1)(A).

On direct appeal, the Indiana Court of Appeals affirmed the trial court on December 27, 2012, and Mr. Craig did not petition to transfer his case to the Indiana Supreme Court. As a result, his conviction became final on February 11, 2013. *See* Ind. App. R. 57(A) (appeal must be filed with the Indiana Supreme Court within 45 days of the appellate decision). On December 10, 2013, or 302 days later, Mr. Craig filed a petition for post-conviction relief in state court, which tolled limitations until the Indiana Court of Appeals dismissed his appeal on June 21, 2017. *Craig v. State*, 49A05-1606-PC-1499 (Ind. Ct. App. filed July 6, 2016), available at https://public.courts.in.gov/mycase/. The habeas limitations period expired sixty-three days later on August 23, 2017. Though Mr. Craig pursued further post-conviction relief in state court after August 2017, these efforts did not restart the federal limitations period, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As a result, when Mr. Craig filed this habeas petition in October 2019, he was more than two years late.

Mr. Craig argues that the untimely nature of his complaint should be excused because he has trouble reading, because appointed counsel did not assist him with his repeated efforts to obtain post-conviction relief in state court, and because the Indiana Supreme Court has recently clarified the law regarding sentence enhancements for habitual offenders. A "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For diligence, federal habeas petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "[M]ental illness can toll a statute of limitations, but only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Id.* at 872; *Davis v. Humphreys*, 747 F.3d 497, 499–500 (7th Cir. 2014).

Though Mr. Craig may have difficulty reading, there is no indication that it prevented him from understanding and acting on his legal rights as evinced by his ongoing efforts to pursue post-conviction relief in state court and federal habeas relief without the assistance of counsel. Additionally, the absence of appointed counsel is not an extraordinary circumstance because the state is not required to provide inmates with counsel at the post-conviction stage. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Consequently, the court dismisses the habeas petition as untimely.

Furthermore, Mr. Craig states that he presented his habeas claims to the Indiana Court of Appeals only in a successive petition for post-conviction relief and never presented them to the Indiana Supreme Court because his request to proceed on a successive petition was denied. Before considering the merits of habeas claims, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th

Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment requires "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* Because Mr. Craig concedes that he did not present his habeas claims to the Indiana Supreme Court and further concedes that he can no longer do so, his habeas claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Though Mr. Craig explains why he did not appeal the denial of his successive petition to the Indiana Supreme Court, he does not explain why he did not present his habeas claims on direct appeal or during the initial post-conviction relief proceedings. Therefore, Mr. Craig cannot overcome procedural default; and, even if the petition were timely, the court would decline to consider the merits of his claims on this basis.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim

4

for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Craig to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely and procedurally defaulted;

(2) WAIVES the filing fee;

(3) DENIES Michael Craig a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

November 14, 2019                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court